0UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| TIMOJENE WATSON, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-120 |
| | ) | CV417-121 |
| | ) | CV417-122 |
| YASH DESAI, | ) | |
| | ) | |
|    Defendant. | ) | |

# ORDER

Proceeding *pro se*, Timojene Watson has filed employment discrimination actions alleging discrimination based on race and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and that she was sexually assaulted.  *See* CV417-120 doc. 1 at 3-4; CV417-121 doc. 1 at 4; CV417-122 doc. 1 at 4.  Specifically, she alleges that he was paid less and required to work less desirable shifts than another employee, who was of Indian descent.  CV417-120 doc. 1 at 4-5.  In separate Complaints, she also alleges that she was forced to resign after an alleged sexual assault by another employee, which she reported to management, went unaddressed.  *See* CV417-121 doc. 1 at 4;

CV417-122 doc. 1 at 4.[1]  She seeks $175,000 in damages, apparently for all of the objectionable treatment.  *See* CV417-120 doc. 1 at 5; CV417-121 doc. 1 at 4; CV417-122 doc. 1 at 5.

Watson also seeks leave to file her Complaints *in forma pauperis* ("IFP").  *See* CV417-120 doc. 2; CV417-121 doc. 2; CV417-122 doc. 2.  In her applications,[2] she lists defendant Desai as her employer, despite indicating that she resigned her employment.  Listing her (apparently) former employer may have been a mistake, however, because Watson states that she receives no wages and no other income or assets.  *See* CV417-120 doc. 2 at 1-2.  Even without any disclosed income or assets, Watson states that she has credit cards, or at least credit card debt, and a cell phone.  *Id.* at 2.  Wary of such indigency claims and cognizant of how

---

[1]  The exact details of the alleged assault are not entirely clear.  Watson's Complaint alleges that the assault occurred on "7/20/2017," despite being filed on July 10, 2017.  *See* CV417-121 doc. 1 at 4.  In her third Complaint, she lists the date of the incident as "2/20/2017."  *See* CV417-122 doc. 1 at 4.  The EEOC charge, a copy of which was submitted with each Complaint, states that Watson was "grabbed in a sexual manner" by another employee.  CV417-120 doc. 1 at 9; CV417-121 doc. 1 at 8; CV417-122 doc. 1 at 6.  The issues with Watson's IFP application, however, must be resolved prior to any consideration of the substance of her allegations.  Should Watson satisfy the IFP requirements set forth below, the Court will review her Complaints with an eye toward consolidation.

[2]  Watson has submitted applications to proceed IFP in each of her cases.  The contents of the applications are identical.  For simplicity, the Court cites only to the application submitted in support of case number CV417-120.

easily one may consume a public resource with no financial skin in the game,³ this Court demands supplemental information from dubious IFP movants. *See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).⁴

Given the totality of the circumstances, it will do likewise here.⁵

---

³ "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

⁴ *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

⁵ Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see*

Therefore, within 14 days from the date this Order is filed, Watson shall disclose to the Court the following information:

(1) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(2) Where she gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in kind);

(3) Whether she owns any means of transportation and, if she does not, whether she has regular access to same, as owned by another (including a rental company);

(4) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether she anticipates any future income within the next year;

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

---

*also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

Answering these points will better illuminate Watson's true financial condition. In that regard, she must declare the facts she pleads to be true under penalty of perjury. If she does not use a preprinted IFP form to respond (hence, if she uses a blank sheet of paper), she must insert this above her signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order three blank IFP forms (one for each case) for Watson's convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at * 1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED,** this <u>19th</u> day of July, 2017.

*[signature: G. R. Smith]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA